# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4724 | **DATE** | 10/19/2004 |
| **CASE TITLE** | Comcast of Illinois vs. Micki Thull | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Because the flaws in the Answer are so pervasive, it is stricken in its entirety. Thull's counsel is ordered to file a self-contained Amended Answer in this Court's chambers on or before October 29, 2004.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | OCT 21 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 6 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/19/2004 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

COMCAST OF ILLINOIS X, LLC, )
)
        Plaintiff, )
)
v. ) No. 04 C 4724
)
MICKI THULL, )
)
        Defendant. )

DOCKETED
OCT 2 1 2004

MEMORANDUM ORDER

Micki Thull ("Thull") has filed her Answer to the Complaint brought against her by Comcast of Illinois X, LLC ("Comcast"), which charges her with illegal piracy of its proprietary cable communications. Because nearly every paragraph of the Answer violates one or another of the fundamental legal principles that govern responsive pleadings in the federal courts, this memorandum order is issued sua sponte to require Thull's counsel to return to the drawing board.

To begin with, the vast majority of the Answer's responses (Answer ¶¶1-5, 7-22, 26-28, 31 and 34-37) are wholly at odds with the dictates of the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as to the content of the disclaimer required for a responding party to get the benefit of a deemed denial--see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Moreover:

    1. Even apart from that noncompliance, it is of course oxymoronic to disclaim the existence of enough information

to confirm or deny a complaint's allegations and then to <u>deny</u> those same allegations.

    2. There is no legitimate basis for Thull's disclaimer of Comcast's allegations as to subject matter jurisdiction (Complaint ¶2) and venue (Complaint ¶3). Unless Thull has an objective good faith basis for doing otherwise (see Rule 11(b)), those allegations must instead be admitted.

    3. It is patently absurd for Thull to respond to the incorporation by reference of earlier paragraphs in Complaint ¶¶26 and 34 with a disclaimer--disclaimer of what?

    4. It is equally impermissible to advance a disclaimer in response to Comcast's allegations as to statutory provisions in Complaint ¶¶27 and 35.[1]

Finally, Answer ¶33's demand for "strict proof," whatever that is, is also improper--again see App. ¶1 to <u>State Farm</u>. That too should be eliminated from the Amended Answer ordered hereafter.

Because the flaws in the Answer are so pervasive, it is stricken in its entirety. Thull's counsel is ordered to file a

---

[1] It should be understood that this Court has not sought to be exhaustive in addressing Thull's nearly total set of disclaimers. Thull's counsel should take a hard look, as to each of Comcast's Complaint allegations, at whether the second sentence of Rule 8(b) may properly be called into play in accordance with Rule 11(b). This Court will then leave to Comcast the task of challenging any remaining disclaimers that appear to pose a problem.

2

self-contained Amended Answer in this Court's chambers (with a copy of course to be transmitted contemporaneously to Comcast's counsel) on or before October 29, 2004. No charge is to be made to Thull by her counsel for the added work and expense incurred in correcting counsel's errors. Thull's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 19, 2004